CF STOCK

IN THE UNITED STATES DISTRICT COURT
FOR THE ___NORTHERN_____ DISTRICT OF TEXAS
___FT. WORTH_____ DIVISION

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
2012 JAN -6 PM 2:37

CLERK OF COURT

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

___ISAAC FOUNTAIN # 1524285_____
Plaintiff's name and ID Number

___NEAL UNIT_____
Place of Confinement

1) V. ___JAMES BROADWATER, UNK_____
DEFENDANT, ADDRESS
2) ___SHAWN MATLOCK_____
___309 W. SEVENTH ST. SUITE 1610___
___FT. WORTH, TX 76102_____
Defendant's name and address
3) ___TERRY MEANS_____
___501 W. TENTH ST., RM. 210_____
___FT. WORTH, TX 76102_____
Defendant's name and address
4) ___MICHAEL WORLEY_____
___801 CHERRY ST. SUITE 1700_____
___FT. WORTH, TX 76102-6882_____
Defendant's name and address

5) ___JENNIFER COFFINDAFFER, ADDRESS UNK___
DEFENDANT'S NAME AND ADDRESS

6) ___CAROL FOREMAN, UNK_____
DEFENDANT'S NAME AND ADDRESS

CASE NO: **4-12CV-014-Y**
_____
(Clerk will assign the number)

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

ATC 1983 (Rev. 04/06)

## FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I. PREVIOUS LAWSUITS:

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?  _____ YES  ✓  NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: _____NA_____

2. Parties to previous lawsuit:
   Plaintiff(s): _____NA_____

   Defendant(s): _____NA_____

3. Court (If federal, name the district; if state, name the county) ___NA_____

4. Docket Number: _____NA_____

5. Name of judge to whom case was assigned: _____NA_____

6. Disposition: (Was the case dismissed, appealed, still pending?)

   _____NA_____

7. Approximate date of disposition: ____NA_____

**II.  PLACE OF PRESENT CONFINEMENT:** NEAL UNIT

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution?  NA   YES   NA   NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A.  Name of address of plaintiff: ISAAC FOUNTAIN # 1524285, NEAL UNIT, 9055 SPUR 591, AMARILLO, TX 79107-9686.

B.  Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: SHAWN MATLOCK, ATTORNEY, 309 W. SEVENTH ST., SUITE 1410, FT. WORTH, TX, 76102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

CONSPIRED WITH JENNIFER COFFINDAFFER, JAMES BROADWATER AND MICHAEL—

Defendant #2: TERRY MEANS, 501 W. TENTH ST. RM 210, FT. WORTH, TX, 76102.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

CONSPIRED WITH JENNIFER COFFINDAFFER, MICHAEL WORLEY AND

Defendant #3: MICHAEL WORLEY, 301 CHERRY ST. SUITE 1700, FT. WORTH, TX, 76102-6882.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

CONSPIRED WITH JENNIFER COFFINDAFFER AND JAMES BROADWATER TO

Defendant #4: CAROL FOREMAN, U.S. PROBATION OFFICER, ADDRESS UNK

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

CONSPIRED WITH JENNIFER COFFINDAFFER BY PRESENTING FALSE DOCUM—

Defendant #5: JENNIFER COFFINDAFFER, FBI AGENT, ADDRESS UNK.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

CONSPIRED WITH MICHAEL WORLEY AND JAMES BROADWATER TO

IV. PARTIES TO THE SUIT CONT.

B.

DEFENDANT #1. SHAWN MATLOCK

(CONT.)  WORLEY BY WITHHOLDING LEGAL DOCUMENTS AND GIVING LAWYER-CLIENT INFO.

DEFENDANT #2. TERRY MEANS

(CONT.) JAMES BROADWATER BY ALLOWING AN ILLEGALLY AMENDED INDICTMENT TO BE PRESENTED TO THE JURY. ALSO WITH SHAWN MATLOCK BY ALLOWING HIM TO WITHHOLD EVIDENCE.

DEFENDANT #3. MICHAEL WORLEY

(CONT.) ILLEGALLY AMEND AN INDICTMENT AND PRESENT FALSE EVIDENCE TO THE COURT.

DEFENDANT #4. CAROL FOREMAN

(CONT.)-ENTS AS EVIDENCE TO THE COURT.

DEFENDANT #5. JENNIFER COFFINDAFFER

(CONT.) PRESENT FALSE EVIDENCE TO THE COURT. ALSO WITH SHAWN MATLOCK TO WITH HOLD EVIDENCE AND VIOLATE LAWYER-CLIENT PRIVILEGE.

IV. PARTIES TO THE SUIT. CONT.

DEFENDANT #6: JAMES BROADWATER, FBI DRUG TASK FORCE   ADDRESS UNK.

BRIEFLY DESCRIBE THE ACT(S) OR OMISSION(S) OF THIS DEFENDANT, WHICH YOU CLAIMED HARMED YOU.

OFFICER BROADWATER CONSPIRED WITH JENNIFER COFFINDAFFER AND JAMES WORLEY TO ILLEGALLY AMEND MY INDICTMENT AND PRESENT FALSE EVIDENCE TO THE COURT.

## V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how <u>each</u> defendant is involved.  <u>You need not give any legal argument or cite any cases of statutes.</u>  If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

FROM THE ABOVE NAMED DEFENDANTS

## VI.  RELIEF:  State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite not cases or statutes.

RELIEF DEMANDED IS 4 MILLION DOLLARS COMPENSATORY DAMAGES AND 600 THOUSAND DOLLARS IN PUNITIVE DAMAGES.

## VII.  GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases:

GERALD WALKER, ISAAC FOUNTAIN, ISAAC LEE FOUNTAIN JR.

B.  List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

TDCJ-ID # 920861, TDCJ-ID # 1524285, FBOP # 36055-177, LOUISIANA PENITENTIARY # 467489

## VIII.  SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed? _____ YES  ✓ NO

B.  If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed.  (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (If federal, give district and division): ___NA_____

2.  Case Number: ___NA_____

3.  Approximate date sanctions were imposed: _____NA_____

4.  Have the sanctions been lifted or otherwise satisfied? _NA_ YES _NA_ NO

C.  Has any court ever warned or notified you that sanctions could be imposed? ___ YES ___ NO

D.  If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that imposed warning (if federal, give the district and division): ___ NA _____

    2.  Case number: _____ NA _____

    3.  Approximate date warning were imposed: _____ NA _____

Executed on: __01-04-2012__          __ISAAC FOUNTAIN__
       (Date)                         (Printed Name)

                                     _Isaac Fountain_
                                    (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2.  I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3.  I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this __4TH__ day of __JANUARY__, 20 __12__.
      (Day)              (Month)            (Year)

                                  _ISAAC FOUNTAIN_
                                    (Printed Name)

                                     _Isaac Fountain_
                                    (Signature of Plaintiff)

**WARNING:  The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions.  The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

AFFIDAVIT IN SUPPORT OF 42 U.S.C. § 1983 CIVIL COMPLAINT

"MY NAME IS ISAAC LEE FOUNTAIN JR., TDCJ # 1524285, I AM OVER 18 YEARS
OF AGE, OF SOUND MIND AND CAPABLE OF MAKING THIS AFFIDAVIT."

I WOULD LIKE TO STATE UNDER OATH THAT:

1. ON OR ABOUT 11/30/2006 I WAS TAKEN INTO FEDERAL CUSTODY FROM
PHELPS, A PENITENTIARY IN LOUISIANA, BY FEDERAL AGENTS FOR AN
INDICTMENT CHARGING ME WITH DISTRIBUTION OF COCAINE BASE AND
AIDING AND ABETTING GARY MARSHALL ON 05-23-2005.

2. I WAS FLOWN TO THE FEDERAL TRANSFER CENTER ( F.T.C.) IN OKLAHOMA
CITY. THEN TAKEN BY BUS TO THE FEDERAL CORRECTION INSTITUTION
(F.C.I.) IN FT. WORTH, TEXAS AND PLACED IN THE JAIL UNIT.

3. ON JANUARY 04TH, 2007 I WAS APPOINTED ATTORNEY M. SHAWN
MATLOCK AS MY ATTORNEY.

4. ARRAIGNMENT WAS HELD ON 01/10/2007 IN MAGISTRATE JUDGE
CHARLES BLEIL COURTROOM. THE PLEA OF NOT GUILTY ON COUNT ONE OF
THE INDICTMENT WAS ENTERED BY THE COURTS DUE TO MY ATTORNEY
MATLOCK ABSENCE.

5. AT THIS ARRAIGNMENT FBI AGENT COFFINDAFFER (JENNIFER) OF FT.
WORTH WAS SWORN IN AND TESTIFIED CONCERNING MY CHARGE. I ASKED
MY ATTORNEY MATLOCK, WHO HAD NOW ARRIVED, TO QUESTION AGENT
COFFINDAFFER AS TO WHETHER SHE KNEW GARY MARSHALL WAS
INCARCERATED DURING THE TIME IT WAS STATED WE (GARY AND I)
HAD SOLD COCAINE BASE TO FT. WORTH POLICE DEPT. OFFICER JAMES
TEGAN BROADWATER, WHICH WAS 05-23-2005.

PG. 2

MY ATTORNEY MATLOCK ASKED THE QUESTION TO WHICH AGENT COFFINDAFFER STATED THAT SHE DID NOT KNOW GARY MARSHALL WAS INCARCERATED DURING THE ALLEGED CRIMES APPOINT OF TIME. THIS WAS TAPED ON 01/10/2007, TAPE NO 5083 IN MAGISTRATE JUDGE BLEIL COURT OF FT. WORTH, TX.

7. THE REASON FOR THIS QUESTION BEING ASKED IS BECAUSE THE INCARCERATION OF GARY MARSHALL DURING 2005 (FROM 04/2005 - 06/2005) MAKES THE CRIME FABRICATED. ALSO MAKES THE INDICTMENT FLAWED THEREFORE REQUIRING DISMISSAL.

8. ON OR ABOUT 01/23/2007 I HAD A PHYSICAL ALTERCATION WITH PRINCEL WILLIAMS. WE WAS PLACED IN THE SPECIAL HOUSING UNIT (S.H.U.), GIVEN DISCIPLINARIES AND LATER PUNISHMENT. HOWEVER AFTER OUR DISCIPLINARY PUNISHMENT ENDED PRINCEL WILLIAMS WAS RELEASED. FBI AGENT COFFINDAFFER INFORMED THE JAIL UNIT'S CASEWORKER TO LEAVE ME IN CONFINEMENT BECAUSE I WOULDNT ASSIST HER IN HER INVESTIGATION SO I WAS LABELED A THREAT. DURING THE TIME OF THE CONFINEMENT OF MYSELF AND PRINCEL WILLIAMS AGENT COFFINDAFFER VISITED WILLIAMS SEVERAL TIMES. HE INFORMED ME THAT AGENT COFFINDAFFER STATED SHE WOULD LET ME OUT OF THE S.H.U. IF I ASSISTED HER.

9. I IGNORED HER COERCION AND WAS CONFINED TO THE S.H.U. FROM LATE JANUARY UNTIL 08/2007. I WAS NOT ALLOWED BUT ONE PHONE CALL PER WEEK, NO CONTACT VISITS. ONE HOUR OF CAGED RECREATION DAILY AND RESTRICTED FROM BUYING MEATS AND SOUPS OFF OF COMMISSARY. A VIOLATION OF MY DUE PROCESS RIGHTS SIMPLY BECAUSE I WOULDNT ASSIST FBI AGENT COFFINDAFFE

0. IN FACT SHE CONFINED ANY INDIVIDUAL WHO WOULDNT HELP HER SUCH AS DERRICK WOODARD, DETROIT HINES, LOUIS MOODY, KEVIN SPENCER AND OTHERS.

PG. 3

. PRIOR TO TRIAL I WAS SHOWN THE POLICE REPORT AND T.C.A.U REPORT WRITTEN BY F.W.P.D. OFFICER BROADWATER BY MY ATTORNEY MATLOCK. I INFORMED HIM THAT THE DESCRIPTION GIVEN OF ME WAS WRONG. IT STATED I WAS 6 FEET TALL, 33 YEARS OF AGE WITH AN AFRO. I WAS 25 YEARS OF AGE, 5'10" AND NEVER HAD AN AFRO ON ANY RECORDS.

2. I INFORMED MY ATTORNEY MATLOCK THAT IT WAS A MISTAKEN IDENTITY AND I WOULD USE SUCH DEFENSE. WITHOUT MY CONSENT MY ATTORNEY SPOKE WITH AGENT COFFINDAFFER CONCERNING THIS AND SHE IN TURN SPOKE TO U.S. ATTORNEY J. MICHAEL WORLEY. THIS IS KNOWN BECAUSE AT TRIAL ON 03/20/2007 DURING HIS OPENING STATEMENTS HE EXPLAINED TO THE JURY I WOULD ARGUE "MISTAKEN IDENTITY". AS TO HOW HE KNEW MY DEFENSE.... I ONLY TOLD MY ATTORNEY.

13. PRIOR TO JURY PICKING I INFORMED JUDGE TERRY MEANS OF FT. WORTH THAT I WOULD LIKE TO HAVE MY ATTORNEY MATLOCK REMOVED FROM MY CASE DUE TO THE FACT HE REFUSED TO GIVE ME DOCUMENTS AND INFO CONCERNING MY CASE TO LOOK OVER AND PREPARE FOR TRIAL. I ALSO SUSPECTED HE HAD GIVEN INFORMATION ON MY CASE TO AGENT COFFINDAFFER DUE TO THE MULTIPLE VISITS HE HAD WITH HER. WHEN I WOULD ASK WHAT WAS DISCUSSED HE WOULD SAY "NOTHING".

14. I ALSO INFORMED JUDGE MEANS THAT I HAD ASKED MY ATTORNEY MATLOCK TO WITHDRAW FROM MY CASE PRIOR TO THIS HEARING. JUDGE MEANS ASKED HIM WHY HE DIDN'T INFORM HIM TO WHICH MATLOCK STATED HE DIDN'T FEEL HE HAD TO.

PG. 4

5.  WHEN JUDGE MEANS ASKED MATLOCK WHY HE DIDNT GIVE ME DOCUMENTS
AND INFO CONCERNING MY CASE MATLOCK STATED HE FEARED AN INMATE
WOULD STEAL MY DOCUMENTS OUT OF THE MAIL. I STATED TO JUDGE
MEANS THAT IT WAS A KNOWN FACT INMATES DONT CONTROL MAIL
IN ANY FACILITY.

6.  JUDGE MEANS IGNORED MY STATEMENT AND THE SITUATION AND
PROCEEDED TO PREPARE FOR JURY PICKING. SENDING ME TO TRIAL
WITH AN ATTORNEY WHO I NOT ONLY HAD CONFLICT WITH AND IN THIS
SAME HEARING CALLED ME " MY MOST DIFFICULT CLIENT". THIS STATE-
MENT OF HIS ALONE SHOWS WE HAD CONFLICT.

7.  ON 03/20/2007 MY TRIAL WAS HELD IN JUDGE MEANS COURT. AGENT
COFFINDAFFER, OFFICER BROADWATER, GOVERNMENT WITNESS CLEONARD
DAVIS AND CRIME LAB ANALYST ELIZABETH JAN-MUNCHRATH TESTIFIED

18. CLEONARD DAVIS, A GOVERNMENT WITNESS, WHO WASNT PRESENT AT THE
ALLEGED CRIME, TESTIFIED THAT ID SOLD DRUGS OUT OF A HOUSE ON
THE CORNER OF TALTON AND BELZISE TERRANCE ALONG WITH HIMSELF,
KRYSTAL SIMPSON, BERTRAND BELL, GARY MARSHALL AND OTHERS. THIS
HOUSE BELONGED TO BELL, HE WOULD LATER STATE THIS AT MY SENTEN-
CING HEARING. HE WOULD ALSO STATE I NEVER SOLD DRUGS OUT OF
THIS HOUSE AS OTHER GOVERNMENT WITNESS WOULD ALSO STATE. HAD
MY ATTORNEY MATLOCK QUESTIONED THE WITNESSES PRIOR TO TRIAL THE
JURY WOULDNT HAVE BEEN PRESENTED SUCH CONFLICTING STATEMENTS.

PG. 5

19. FWPD OFFICER BROADWATER, WHO WAS THE OFFICER IN THE ALLEGED DRUG PURCHASE FILED A POLICE REPORT OF THIS ALLEGED CRIME ON 07/18/2005 —TWO MONTHS AFTER THE ALLEGED CRIME WHICH IS STATED TO HAVE OCCURRED ON 05-23-2005.

20. WHEN QUESTIONED AS TO WHY IT TOOK TWO MONTHS TO FILE THE INITIAL REPORT OFFICER BROADWATER STATED HE COULD REMEMBER MY CASE BECAUSE IT WAS "UNIQUE". HOWEVER AT TRIAL HE READ THE "UNIQUE" REPORT FROM PAPER. BOTH OF HIS REPORTS DIFFER.

21. WHEN THE ISSUE OF PLACING ME WITH GARY MARSHALL (WHO WAS IN JAIL FROM 04/2005 - 06/2005) WAS PRESENTED TO HIM. OFFICER BROADWATER STATED HE HAD MADE A CUT AND PASTE ERROR AND MEANT TO PUT TERREL WILLIAMS NAME ON THE REPORT.

22. PRIOR TO TRIAL MY ATTORNEY MATLOCK HAD TOLD ME INSTEAD OF GARY MARSHALL THE PROSECUTION HAD STATED THAT I HAD SOLD COCAINE BASE TO OFFICER BROADWATER WITH "TERREL". ALREADY SUSPECTING MY ATTORNEY MATLOCK TO BE GIVING UP LAWYER-CLIENT INFO I GAVE HIM A FAKE LAST NAME, WILLIAMS, TO SEE IF HE WOULD GIVE IT TO THE PROSECUTION

23. WHEN OFFICER BROADWATER WAS ASKED ABOUT "TERREL" HE STATED HIS LAST NAME WAS "WILLIAMS" AND HE HAD BOUGHT COCAINE BASE FROM "TERREL" ON TWO OCCASSIONS. ONCE WITH GARY MARSHALL AND ONCE WITH ME. AND THAT HE HAD MISTAKENLY TAKEN (TERREL WILLIAMS) NAME OUT OF IT (POLICE REPORT) BY A CUT AND PASTE ERROR AND PLACED GARY MARSHALL'S NAME IN IT.

PG. 6

4. OFFICER BROADWATER FURTHER STATED THAT TERREL WILLIAMS WAS IDENTIFIED BY GANG UNIT AS A SOUTHSIDE CRIP AFTER ONE OF THE PURCHASES.

5. ALTHOUGH HIS NAME WAS SAID TO HAVE BEEN "MISTAKENLY" CUT FROM THE POLICE REPORT, DOCUMENTS SHOWS THAT HIS NAME IS IN NO POLICE REPORT, DOCUMENT OR INDICTMENT PRIOR TO MY QUESTIONING AT TRIAL. IN FACT "TERREL" IS THE ONLY NAME STATED IN MY PRE-SENTENCE INVESTIGATION REPORT (P.S.I.) IN THE POLICE REPORT ON PAGE THREE PARAGRAPH FIFTEEN. THIS P.S.I WAS PREPARED BETWEEN 03/30/2007 - 05/2007 AFTER MY TRIAL AND QUESTIONING.

26. "TERREL" IS STATED TO HAVE SOLD WITH ME ONCE AND GARY MARSHALL ONCE. YET IN ALL THREE OF GARY MARSHALLS INDICTMENTS NO "TERREL WILLIAMS" IS DOCUMENTED. WHICH SHOWS NO "TERREL WILLIAMS" EXISTED BECAUSE IF SO HE WOULD HAVE HAD AN INDICTMENT WITH GARY MARSHALL WHO HE IS ALSO STATED TO HAVE SOLD COCAINE BASE TO OFFICER BROADWATER WITH. GARY MARSHALL PLEAD TO COUNT 2 AND COUNT 3 OF THE THREE COUNT INDICTMENT NOVEMBER 13TH-2006 AS DOCUMENTED IN MY P.S.I. PROVING MY ATTORNEY GAVE THE PROSECUTION LAWYER-CLIENT INFO.

27. WHEN QUESTIONED ABOUT THE DESCRIPTION GIVEN OF ME IN HIS POLICE REPORT WHICH STATED I WAS 6 FEET TALL, 33 YEARS OF AGE WITH AN AFRO. OFFICER BROADWATER STATED HE HAD GOTTEN IT OFF THE POLICE DEPARTMENTS COMPUTER. HE STATED HE TYPED MY NICKNAME (GOOCH) INTO IT TO OBTAIN MY INFORMATION. THIS IS A CLEAR LIE DUE TO THE FACT THE POLICE DEPARTMENT COMPUTER STATED IN 2005 THAT I WAS 24" AT THE TIME, 5'0" WITH A LOW CUT. THIS DISCREDITS OFFICERS BROADWATER REPORT / STATEMENT CLEARLY.

PG. 7

28. THIS OFFICER ALSO STATED TO SHOW HIM MY NICKNAME "GOOCH" ON MY
RIGHT ARM, WHICH IS WHAT HE USED TO IDENTIFY ME. THIS BEING HIS
ONLY IDENTIFYING INFORMATION, YET HE FAILED TO DOCUMENT IT
IN ANY DOCUMENT. CASTING DOUBT UPON HIS "UNDOCUMENTED EVIDENCE"
WHICH ALONE HAD ME CONVICTED.

29. OFFICER BROADWATER IN HIS INITIAL REPORT WRITTEN 07/18/2005—TWO
MONTHS AFTER THE ALLEGED CRIME—LABELED ME AS SUSPECT NUMBER ONE.
ALL MY INFO IS UNDER SUSPECT ONE'S INFO.

30. IN THIS REPORT SUSPECT ONE IS STATED TO HAVE WENT INTO 1725
TALTON TO GET COCAINE BASE THEN GAVE IT TO SUSPECT NUMBER
TWO, IDENTIFIED AS A "BLM, APPROXIMATELY 22 YEARS OF AGE, LIGHT
COMPLEXION, SHORT AFRO, APPROXIMATELY 5'9", 130 LBS." NO NAME IS
DOCUMENTED. SUSPECT NUMBER TWO THEN TOOK COCAINE BASE FROM HIS
FRONT POCKET AND HANDED IT ALONG WITH WHAT HE HAD GOTTEN FROM
SUSPECT ONE TO OFFICER BROADWATER.

31. HOWEVER IN HIS T.C.N.U REPORT OFFICER BROADWATER STATED I WAS
SUSPECT NUMBER TWO WHO HAD RECEIVED COCAINE BASE FROM SUSPECT
NUMBER ONE AND HANDED IT WITH COCAINE BASE FROM MY FRONT POCKET
TO HIM.

32. IT IS IMPOSSIBLE FOR ME TO BE BOTH SUSPECTS WHICH SHOWS THIS
OFFICER'S REPORTS ARE FABRICATED. IN FACT HIS INITIAL POLICE REPORT,
T.C.N.U REPORT AND REPORT GIVEN IN MY P.S.I ALL DIFFER.

PG. 8

3. OFFICER BROADWATER WAS ALSO QUESTIONED ABOUT THE CONFIDENTIAL INFORMANT WHO HE STATED ACCOMPANIED HIM DURING HIS DRUG PURCHASE. HE STATED HE DID NOT KNOW WHO HE WAS OR HIS WHERE-ABOUTS. ALL CI'S MUST CONTRACTUALLY AGREE. SO AS TO HOW THIS ONE IS "UNKNOWN" YET "TRUSTED" IS QUESTIONING.

4. OFFICER BROADWATER BY INDICTMENT DATES HAD BEEN BUYING COCAINE BASE FROM 1725 TALTON SINCE APRIL 2005. SO AS TO WHY HE WOULD NEED TO BE INTRODUCED BY THE CI TO THESE SAME PEOPLE IS BAFFLING.

35. ALSO THE ONLY EYE-WITNESS, OFFICER MCCARTHY WHO IS STATED TO ASSISTED BROADWATER WITH SURVEILLANCE, COVER AND PAYMENT WITNESSING WAS NEVER CALLED UPON DURING THE TRIAL.

36. DURING TRIAL AGENT COFFINDAFFER WAS QUESTIONED CONCERNING THE FLAWED POLICE REPORT AND INDICTMENT WHICH STATED GARY MARSHALL SOLD COCAINE BASE ALONG WITH ME TO OFFICER BROADWATER ON 05/23/2005. WHEN TARRANT COUNTY JAIL RECORDS SHOWS GARY MARSHALL WAS INCARCERATED FOR PAROLE VIOLATION FROM 04/2005 - 06/2005.

37. FBI AGENT COFFINDAFFER STATED THAT DURING TRIAL PREPARATION FOR GARY MARSHALL WHICH WAS MID TO LATE 2006 (MARSHALL PLEAD OUT NOVEMBER 13/2006) SHE NOTICED THE FLAW IN THE INDICTMENT AND REPORT AND INFORMED OFFICER J.T. BROADWATER AND U.S. ATTORNEY WORLEY. — THIS INFO ISAT DOCUMENTED IN ANY DOCUMENT PRIOR TO MY QUESTIONING AT ARRAIGNMENT.

PG. 9

8. ON JAN. 10TH 2007, AT MY ARRAIGNMENT, AGENT COFFINDAFFER STATED THAT SHE DID NOT KNOW GARY MARSHALL WAS IN JAIL DURING THE TIME OF THE ALLEGED CRIME. THIS WAS TAPED ON TAPE NO# 5083 IN MAGISTRATE JUDGE BLEIL COURTROOM 01/10/2007.

9. AS TO HOW FBI AGENT COFFINDAFFER NEVER DOCUMENTED AND FORGOT THIS CRUCIAL EVIDENCE IN THE FIRST QUESTIONING ON 01/10/2007 NOT EVEN MONTHS AFTER "SHE" RECOGNIZED THIS FLAW IS DOUBT RAISING.

10. PRIOR TO TRIAL I ASKED MY ATTORNEY MATLOCK TO OBTAIN THE ARREST WARRANT AFFIDAVIT, TO QUESTION GOVERNMENT WITNESSES WHO GAVE STATEMENTS AND WAS SCHEDULED TO TESTIFY AND FOR HIM TO SUB POENA OFFICER MCCARTHY THE ONLY ALLEGED EYE-WITNESS. HE REFUSED STATING TO ASK TO SEE THE ARREST WARRANT AFFIDAVIT WAS ILLEGAL TO EVEN TALK ABOUT AND TO QUESTION GOVERNMENT WITNESSES VIOLATED BEECHUM. AS TO SUB-POENAING OFFICER MCCARTHY THE ONLY ALLEGED EYE-WITNESS HE TOLD ME COULD NOT HAPPEN BECAUSE HE WAS ON VACATION.

11. THESE GOVERNMENT WITNESSES LATER STATED STATEMENTS ATTRIBUTED TO THEM WAS FABRICATED BY AGENT COFFINDAFFER AT MY SENTENCING HEARING ON 07/16/2007.

42. HAD MY ATTORNEY MATLOCK INVESTIGATED MY CASE INSTEAD OF RELYING ON THE PROSECUTION TO HELP HIM THESE FACTS WOULD HAVE BEEN KNOWN AND THE JURY WOULD NOT HAVE BEEN GIVEN FALSE INFORMATION.

PG. 10

3. ALTHOUGH I WAS INDICTED WITH GARY MARSHALL, JUDGE TERRY MEANS OF FT. WORTH ALLOWED THE U.S. ATTORNEY WORLEY TO PRESENT TO THE JURY THAT I HAD SOLD COCAINE BASE WITH "TERREL" NOT ONLY CHANGING THE SUBSTANCE OF THE INDICTMENT BUT PRESENTING CONTRAST EVIDENCE TO THE JURY.

14. AS STATED IN U.S. VS. LEICHTNAM 948 F2d 370% AN INDICTMENT MAY NOT BE AMENDED EXCEPT BY RESUBMISSION TO GRAND JURY AND ANY BROADENING OF INDICTMENT, REPRESENTING TRIAL JURY WITH MORE OR DIFFERENT OFFENSE THAT GRAND JURY CHARGED, IS REVERSIBLE ERROR

15. ALSO AS STATED IN EX-PARTE BAIN, 121 US 1, 7 S.Ct. 781 30 L.Ed 849 (1887): THE INSTANT THAT THE COURT AMENDS THE INDICTMENT, THE COURT LOSES JURISDICTION. AT THAT POINT IN TIME, THERE IS NOTHING THAT CAN CURE THE DEFECT. IT IS A JURISDICTIONAL DEFECT UPON AN INDICTMENT SO CHANGED, THE COURT CAN PROCEED NO FURTHER. THERE IS NOTHING FOR WHICH THE PRISONER CAN BE HELD TO ANSWER. A TRIAL OF SUCH IS VOID.

16. U.S. ATTORNEY WORLEY AND FBI AGENT COFFINDAFFER HAD PLENTY OF TIME TO RESUBMIT THE INDICTMENT TO THE GRAND JURY BUT FAILED TO.

17. AS STATED IN US V. RUIZ FS 711, 1456" A CONVICTION CAN NOT STAND IF IT WAS OBTAINED THROUGH USE OF FALSE OR MISLEADING EVIDENCE WHICH WAS KNOWN TO BE SO BY GOVERNMENT."

PG. 11

8.  AS STATED BY FBI AGENT COFFINDAFFER ON 03/20/2007 AT THIS TRIAL "SHE" NOTICED THE MISTAKE AND INFORMED FWPD OFFICER BROADWATER AND U.S. ATTORNEY WORLEY OF IT. THEREFORE TO PRESENT TO THE JURY THAT ID SOLD COCAINE BASE TO OFFICER BROADWATER WITH GARY MARSHALL "KNOWING" IT WAS FALSE INFORMATION WAS CLEARLY MISLEADING AND ILLEGAL.

9.  I WAS FOUND GUILTY OF COUNT ONE OF THE INDICTMENT. WHICH WAS DISTRIBUTION OF COCAINE BASE AND AIDING AND ABETTING GARY MARSHALL ON 05/23/2005.

50. ACCORDING TO PROSECUTION (U.S ATTORNEY WORLEY AND AGENT COFFIN-DAFFER) THIS WAS AN FLAWED INDICTMENT. WHICH WAS ILLEGALLY AMENDED BY THE PROSECUTION WHEN THE PROSECUTION CHANGED THE INDIVIDUAL AND PRESENTED TO THE JURY A DIFFERENT INDIVIDUAL THAN THE ONE ON THE INDICTMENT.

11. I WAS FOUND GUILTY OF COUNT ONE OF THE INDICTMENT AND WAS SCHEDULED FOR SENTENCING 07/16/2007.

52. UPON READING THE STATEMENTS FROM GOVERNMENT WITNESSES BERTRAM BELL, KRYSTAL SIMPSON, DEANGELO BELL, BOBBY WATKINS, PRINCEL WILLIAMS AND GARY MARSHALL. I BEGIN TO PREPARE MY OWN DEFENSE FOR SENTENCING WHICH WAS QUESTIONS FROM EACH WITNESS STATEMENT FOR THEM. ALSO I PREPARED QUESTIONS FOR AGENT COFFINDAFFER AND OFFICER BROADWATER.

PG. 12

3. I WROTE JUDGE MEANS A LETTER INFORMING HIM THAT I WAS ASKING MY ATTORNEY MATLOCK TO SUB POENA EACH GOVERNMENT WITNESS IN MY P.S.I. BECAUSE I DOUBTED HE WOULD IF I SIMPLY ASKED. I ALSO WROTE MY ATTORNEY MATLOCK THAT ID WRITTEN JUDGE MEANS SUCH.

54. I ALSO INFORMED MY ATTORNEY MATLOCK ABOUT A STATEMENT GIVEN BY DENIQUE THOMAS (BERTRAND BELLS GIRLFRIEND) WHO STATED ID KILLED MONTREL CLARK. WHO DIED IN LATE MARCH-EARLY APRIL 2006. I'VE BEEN INCARCERATED SINCE DEC. 6TH-2005 WHICH MAKES THIS IMPOSSIBLE AND PROVING INFO OBTAINED BY AGENT COFFINDAFFER WASNT RELIABLE AS STATED BY U.S.P.O. CAROL FOREMAN IN "PART A. THE OFFENSE, PARAGRAPH #8" OF MY P.S.I.

55. ALSO HAD THESE INDIVIDUALS: U.S.P.O. CAROL FOREMAN, JUDGE TERRY MEANS, FBI AGENT JENNIFER COFFINDAFFER, FWPD OFFICER BROADWATER AND MY ATTORNEY MATLOCK INVESTIGATED INFORMATION GIVEN BY GOVERNMENT WITNESSES AND PRESENTED TO THE COURTS BY GOVERNMENT WITNESSES FWPD OFFICER BROADWATER, AGENT COFFINDAFFER AND U.S. ATTORNEY WORLEY. SUCH FLAWED STATEMENTS WOULD NOT HAVE BEEN DOCUMENTED AND PRESENTED TO THE COURTS.

56. I SPOKE TO GARY MARSHALL CONCERNING HIS STATEMENT IN WHICH HE STATED HE DID NOT MAKE AND WAS WILLING TO GIVE A STATEMENT TO MY ATTORNEY MATLOCK STATING SUCH.

PG. 13

57. DURING AN ATTORNEY VISIT I INFORMED MY ATTORNEY MATLOCK ABOUT WHAT GARY MARSHALL HAD SAID AND COINCIDENTLY GARY MARSHALL WAS COMING OUT OF LAUNDRY, WHERE HE WORKED, HE INFORMED MY ATTORNEY MATLOCK THAT HE DID NOT MAKE ANY STATEMENT AND WAS WILLING TO PUT IT ON RECORD. MY ATTORNEY MATLOCK STATED HE COULD NOT TALK TO HIM WITHOUT HIS ATTORNEY AND HE WOULD CALL HIS ATTORNEY TO SET UP AN INTERVIEW.

58. SHORTLY AFTER AGENT COFFINDAFFER SPOKE TO GARY MARSHALL CONCERNING THIS MATTER. HE STATED SHE HAD THREATENED TO GIVE HIM AN EXTENDED AMOUNT OF TIME IF HE GAVE A STATEMENT FOR ME. THEREFORE HE REFUSED

59. AS TO HOW AGENT COFFINDAFFER ~~COFFINDAFFER~~ KNEW GARY MARSHALL HAD DECIDED TO GIVE A STATEMENT FOR ME IS CLEAR.

60. ON 07/16/2007 AT MY SENTENCING HEARING WAS HELD IN JUDGE MEANS COURT. THE GOVERNMENT WITNESSES BERTRAND BELL, KRYSTAL SIMPSON, PRINCEL WILLIAMS, GARY MARSHALL AND BOBBY WATKINS WAS PRESENT. ALTHOUGH THE COURTS HAD SUB POENAED DEANGELO BELL HE WAS ABSENT TO WHICH MY ATTORNEY MATLOCK DID NOT OBJECT.

61. I PRESENTED TO MY ATTORNEY MATLOCK A LIST WITH EACH GOVERNMENT WITNESS NAME AND QUESTIONS I WANTED ASKED. I ALSO PRESENTED TO HIM A LIST OF QUESTIONS I WANTED HIM TO ASK AGENT COFFINDAFFER AND OFFICER BROADWATER. HE TOLD ME HE HAD ALREADY ASKED THE QUESTIONS AND ATTEMPTED TO HAND ME BACK THE LIST. I TOLD HIM I WOULD INFORM JUDGE MEANS AND HE SAID HE WOULD ASK.

PG. 14.

12. BERTRAND BELL WAS THE FIRST TO BE QUESTIONED. IN HIS ALLEGED STATEMENT IN MY P.S.I. IT WAS STATED HE GAVE AGENT COFFINDAFFER INFO THAT I HAD BOUGHT DRUGS FROM HIM AND OTHERS WHEN QUESTIONED ABOUT THIS STATEMENT BELL STATED HE HAD NEVER SPOKE TO THIS AGENT ABOUT ME. SO AS TO HOW SHE OBTAINED "THIS STATEMENT" FROM BELL IS CLEAR. IT WAS FABRICATED.

13. DURING TRIAL ON 03/20/2007 GOVERNMENT WITNESS CLEONARD DAVIS STATED I SOLD WITH HIMSELF, BELL, SIMPSON, MARSHALL AND OTHERS OUT OF BELL'S HOUSE ON THE CORNER OF TALTON ST. AND BELZISE TERRANCE. BELL AT SENTENCING WHILE BEING QUESTIONED WAS QUESTIONED ABOUT THIS. BELL STATED THIS WAS HIS HOUSE AND I HAD NEVER SOLD DRUGS OUT OF IT. PROVING CLEONARD DAVIS LIED AND THE PROSECUTION ALLOWED IT.

14. KRYSTAL SIMPSON ALSO TESTIFIED. IN A STATEMENT ATTRIBUTED TO HER IT STATED SHE STATED I HAD SOLD 50-60 GRAMS OF COCAINE BASE A WEEK. WHEN ASKED ABOUT HOW MUCH COCAINE BASE I SOLD A WEEK SHE STATED "I DON'T KNOW". ATTORNEY MATLOCK STATED "WHAT IF A STATEMENT SAY YOU SAID HE SOLD 60 GRAMS A WEEK?" KRYSTAL SIMPSON STATED "IF THEY SAY SO BUT I DON'T KNOW WHAT ROOCH SOLD." (PARAPHRASED) ONCE AGAIN A STATEMENT GIVEN BY AGENT COFFINDAFFER STATED BY HER OWN WITNESSES TO BE UNTRUE.

PG. 15

5. IN FACT IN ANOTHER CASE OF AGENT COFFINDAFFER, DURING THIS SAME OPERATION, SHE ATTRIBUTED STATEMENTS TO MICHAEL HOLT (WHO IS ON ALL RED, A TDCJ UNIT) WHO WROTE TO JUDGE MCBRIDE OF FT. WORTH INFORMING HIM THAT AGENT COFFINDAFFER HAD LIED ON HIM. THIS SHOWS THIS AGENT HABITUALLY ATTRIBUTED FALSE STATEMENTS TO INDIVIDUALS AND THE COURT ALLOWED THE AGENT TO GO UNPUNISHED.

6. DISPITE MANY DISCREPANCIES IN THE LEGAL DOCUMENTS, WITNESS STATEMENTS, ETC. I WAS STILL SENTENCED TO 360 MONTHS. A SENTENCE JUDGE MEANS ORDERED TO RUN CONSECUTIVE TO MY STATE SENTENCES THAT I HAD NOT RECEIVED YET. I RECEIVED THEM ONE YEAR AND MONTHS LATER. THIS VIOLATED 18 USCA § 3584(A) WHICH INDICATES: THAT CONGRESS DID NOT VEST FEDERAL COURTS WITH THE AUTHORITY TO IMPOSE A FEDERAL SENTENCE TO RUN CONSECUTIVE TO A STATE SENTENCE THAT HAS NOT YET BEEN IMPOSED WHEN AT THE TIME OF DEFENDANTS SENTENCING IN FEDERAL COURT, HE IS NOT YET SUBJECT TO AN UNDISCHARGED TERM OF IMPRISONMENT AND A COURT CANNOT IMPOSE ITS SENTENCE CONSECUTIVE TO A SENTENCE THAT DOES NOT EXIST.

7. EVEN THE STATE JUDGE IN MY STATE SENTENCING 08/2009 STATED) "ISNT THAT ILLEGAL?" QUESTIONING THE LEGALITY OF THE SENTENCE TO RUN CONSECUTIVE

PC. 16

68. I ASKED JUDGE MEANS COULD I LEAVE MY MOTIONS, "MOTION FOR A
NEW TRIAL" AND "MOTION FOR INEFFECTIVE COUNSEL" AFTER SENTENCING.
HE STATED I WOULD HAVE TO SEND THEM, WHICH I DID. BOTH WAS
RECEIVED ON OR ABOUT 07/18/2007. THE MOTION FOR A NEW TRIAL
WAS DENIED DUE TO MY ATTORNEY SIGNATURE, A CERTIFICATE OF
SERVICE AND A BRIEF IN SUPPORT BEING REQUIRED. ON 07/26/2007
MY MOTION FOR INEFFECTIVE COUNSEL WAS DENIED IN WHICH I WASN'T
INFORMED BY THE COURTS.

69. MY APPEAL WAS DENIED ON 08/13/2008. SHAWN MATLOCK, MY
ATTORNEY DURING TRIAL REMAINED MY ATTORNEY ALTHOUGH WE
HAD CONFLICT AND HE HAD LABELED ME HIS MOST DIFFICULT CLIENT.

70. AS SHOWN JUDGE MEANS, AGENT COFFINDAFFER, U.S. ATTORNEY
WORLEY, U.S.P.O. CAROL FOREMAN, FWPD OFFICER BROADWATER AND
ATTORNEY MATLOCK COMMITTED CONSPIRACY AND VIOLATED MY
CONSTITUTIONAL RIGHTS. THE FOREGOING INFORMATION IS SUPPORTED
IN CAUSE NO# 4:06-CR-079-Y (02) AND MY FILES IN MY
EX ATTORNEY, SHAWN MATLOCK OFFICE - WHICH I URGE YOU TO
PERUSE.

71. I WISH TO SUBMIT THIS AFFIDAVIT AS MY FORMAL COMPLAINT
TOWARDS THE ABOVE NAMED INDIVIDUALS. I WOULD FURTHER REQUEST
THAT YOU IMMEDIATELY INVESTIGATE THESE MATTERS. FAILURE TO DO SO
CONSTITUTES CONCEALMENT OF FELONIES. FEEL FREE TO USE THIS
AFFIDAVIT TO OBTAIN SEARCH WARRANTS AND GENERATE ANY
NECESSARY CHARGES.

PAGE 17

UNSWORN DECLARATION BY INMATE

I, GERALD WALKER, FBOP # 36055-177, BEING PRESENTLY INCARCERATED IN THE NEAL UNIT, 9055 SPUR 541, AMARILLO, TX, 79107-9696,... DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING INSTRUMENT IS TRUE AND CORRECT.

EXECUTED ON 01-04-2012

RESPECTFULLY SUBMITTED

*Gerald Walker*

GERALD WALKER # 36055-177
NEAL UNIT
9055 SPUR 541
AMARILLO, TX
                79107-9696

MY TRUE NAME IS ISAAC LEE FOUNTAIN JR. I WAS CONVICTED UNDER THE ALIAS GERALD WALKER. ALL MAIL NEED TO BE ADDRESS:

ISAAC FOUNTAIN # 1524285
AKA GERALD WALKER # 36055-177
NEAL UNIT F203B
9055 SPUR 541
AMARILLO, TX
                79107-9696

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

GERALD WALKER

PLANTIFF

§
§
§   CIVIL NO. 4:11-CV-857-Y
§   (CRIMINAL NO. 4.06-CR-079-4(2))
§
§
§

v.

SHAWN MATLOCK

DEFENDANT

JERRY MEANS

DEFENDANT

MICHAEL WORLEY

DEFENDANT

JENNIFER COFFINDAFFER

DEFENDANT

CAROL FOREMAN

DEFENDANT

JAMES BROADWATER

DEFENDANT

MOTION FOR APPOINTMENT OF COUNSEL

PURSUANT TO 28 U.S.C. § 1915 (e)(1) PLAINTIFF, GERALD WALKER MOVES FOR AN ORDER APPOINTING COUNSEL TO REPRESENT HIM IN THIS CASE. IN SUPPORT OF THIS MOTION, PLAINTIFF STATES:

1. PLAINTIFF IS UNABLE TO AFFORD COUNSEL. HE HAS REQUESTED LEAVE TO PROCEED IN FORMA PAUPERIS.

2. PLAINTIFF'S IMPRISONMENT WILL GREATLY LIMIT HIS ABILITY TO LITIGATE. THE ISSUES INVOLVED IN THIS CASE ARE COMPLEX, AND WILL REQUIRE SIGNIFICANT RESEARCH AND INVESTIGATION. PLAINTIFF HAS LIMITED ACCESS TO THE LAW LIBRARY AND LIMITED KNOWLEDGE OF THE LAW.

3. A TRIAL IN THIS CASE WILL LIKELY INVOLVE CONFLICTING TESTIMONY, AND COUNSEL WOULD BETTER ENABLE PLAINTIFF TO PRESENT EVIDENCE AND EXAMINE WITNESSES.

4. PLAINTIFF HAS MADE REPEATED EFFORTS TO OBTAIN A LAWYER. ATTACHED TO THIS MOTION ARE TWO LETTERS. ONE TO ROXANNE ROBINSON AND ONE TO JEFF BLACKBURN SEEKING ASSISTANCE.

WHEREFORE, PLAINTIFFS REQUEST THAT THE COURT APPOINT ROXANNE ROBINSON, A MEMBER OF THE TEXAS STATE BAR, AS COUNSEL IN THIS CASE.

_____
DATE

_____
SIGNATURE

GERALD WALKER

9055, SPUR 591, AMARILLO, TX 79107-9696
ADDRESS

DEAR MRS. ROBINSON

MY NAME IS ISAAC LEE FOUNTAIN JR [X] TDCJ 1574285. I WAS CONVICTED
IN FT WORTH, TX IN FEDERAL COURT UNDER THE ALIAS GERALD WALKER
FBOP [X] 36055-177 TO 360 MONTHS FOR DISTRIBUTION OF 2.71 GRAMS OF
COCAINE BASE AND AIDING AND ABETTING ON 03/20/2007. THIS IS THE
REASON IM FILING A 1483 CONSPIRACY SUIT AGAINST SEVERAL INDIVIDUALS.
IF ITS POSSIBLE I SEEK YOUR ASSISTANCE.

Sincerely,
Isaac Fountain

DEAR MR BLACKBURN

MY NAME IS ISAAC LEE FOUNTAIN JR. TDCJ # 1524285. I WAS CONVICTED UNDER THE ALIAS GERALD WALKER IN FEDERAL COURT IN FT. WOATH, TX TO 360 MONTHS FOR 2.71 GRAMS OF COCAINE BASE AND AIDING AND ABETTING. IM CURRENTLY FILING A CONSPIRACY SUIT AND SEEK YOUR ASSISTANCE IF POSSIBLE.

Sincerely,

Isaac Fountain

Amarillo, TX 791
WED 04 JAN 2012 PM

ISAAC FOUNTAIN #1574285
NEAL UNIT F203B
1055 SPUR 591
AMARILLO, TX
79107-9696

CLERK OF THE UNITED STATES COURT
U.S. DIST. COURT
501 W. 10TH ST. RM. 310
FT. WORTH, TX
76102-3673

RECEIVED
2012 JAN 6 AM 11:37
U.S. DISTRICT COURT
CLERK OF COURT