IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JAN 1 2 2012

CLERK, U.S. DISTRICT COURT

by_____
                    Deputy

| | | |
|---|---|---|
| ISAAC FOUNTAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO.  4:12-CV-014-A |
| | § | |
| JAMES BROADWATER, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

For the reasons stated in this memorandum opinion and order, the court has concluded that the above-captioned action, which was brought as a civil rights action under 42 U.S.C. § 1983, should be dismissed.

I.

Background

Plaintiff, Isaac Fountain, ("Fountain") uses various aliases.  He disclosed in an attachment to his complaint that, while he uses the name "Gerald Walker" as an alias, his true name is Isaac Fountain.  Compl., Attached Aff. in Supp. of 42 U.S.C. § 1983 Civil Compl. at 17.

Fountain complains of things that occurred leading up to and during the prosecution of a criminal charge against Fountain, in the name of Gerald Walker, in a case on the docket of this court

as No. 4:06-CR-079-Y, over which United States District Judge

Terry Means presided.   Fountain was named, along with another

defendant, in Count One of an indictment returned in May 2006

charging the offense of distribution of cocaine base (crack

cocaine).   His case was tried to a jury in March 2007, which

returned a verdict finding Fountain guilty of that offense.   By a

sentence imposed July 16, 2007, and a judgment signed July 17,

2007, he was sentenced by Judge Means to a term of imprisonment

of 360 months, to run consecutively to state court sentences.

His appeal from his conviction and sentence to the Fifth Circuit

was affirmed by an opinion of the Fifth Circuit that was filed in

that court on July 17, 2008.   On December 12, 2011, Fountain,

using the name "Gerald Walker," filed a motion to vacate/correct

illegal sentence pursuant to 28 U.S.C. § 2255, which was

docketed, and currently is pending, on Judge Means's docket as

Case No. 4:11-CV-857-Y (Criminal No. 4:06-CR-079-Y).

II.

Nature of the Instant Action

The instant action was initiated by Fountain on January 6,

2012, as Case No. 4:12-CV-014-Y on the docket of Judge Means.

Judge Means recused because he is named as a defendant, with the

result that the case was transferred to the undersigned's docket

and the "Y" suffix in the case number was changed to "A."

2

The defendants named in the instant action are Judge Means, Michael Worley ("Worley"), James Broadwater ("Broadwater"), Jennifer Coffindaffer ("Coffindaffer"), Carol Foreman ("Foreman"), and Shawn Matlock ("Matlock").  As noted above, Judge Means was the judge who presided over Fountain's criminal case.  Worley is the Assistant United States Attorney who prosecuted the case.  Broadwater is a police officer who, as a member of the drug task force, participated in the investigation that led to the indictment against Fountain, and the presentation of trial evidence.  Coffindaffer was the agent of the Federal Bureau of Investigation who participated in the investigation and prosecution of the criminal case.  Foreman was the United States probation officer who was responsible for preparation of the presentence investigation report that was presented to Judge Means and the parties in advance of Fountain's sentencing. Matlock was Fountain's court-appointed criminal defense attorney. All of Fountain's complaints pertain to the conduct of the defendants in matters related to his indictment and the prosecution of his case in the federal criminal case.

The instant action was brought on a form to be used by a prisoner in filing a complaint under the Civil Rights Act, 42U.S.C. § 1983.  Fountain's complaint is supported by his affidavit titled "Affidavit in Support of 42 U.S.C. § 1983 Civil

3

Complaint."  In his affidavit, he sums up his theory of recovery against the defendants by saying that "Judge Means, Agent Coffindaffer, U.S. Attorney Worley, U.S.P.O. Carol Foreman, FWPD Officer Broadwater and attorney Matlock committed conspiracy and violated [his] constitutional rights."  Compl., Attached Aff. in Supp. of 42 U.S.C. § 1983 Civil Compl. at 16.  He seeks as relief $4,000,000 compensatory damages and $600,000 in punitive damages.

Fountain sought, and was granted, leave to proceed <u>in forma pauperis</u>, thus making him subject to the provisions of the Prison Litigation Reform Act of 1995.

### III.

<u>Dismissal of the Action Is Appropriate<br>At this Time</u>

Section 1995(e)(2) of title 28 authorizes the court to dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim on which relief may be granted.  The court has concluded that such a dismissal should be made in this action.

First, there is no allegation in the complaint that would lead to a conclusion that any of the defendants were state actors, engaging in state action, within the meaning of 42 U.S.C. § 1983 when doing the things about which Fountain complains.  Therefore, Fountain does not have a cause of action against any

of them under 42 U.S.C. § 1983.  While Broadwater apparently was an employee of the police department of the City of Fort Worth, all of the conduct about which Fountain complains is conduct related to prosecution of a federal offense, in federal court.

Second, the claims asserted by Fountain are of such a nature that they are barred by the doctrine established by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  All of Fountain's complaints implicate the legality of his confinement.  He is prohibited from bringing an action making those complaints if his conviction or sentence has not been reversed on direct appeal.

Third, most, if not all, of the defendants named by Fountain enjoy a form of immunity that would prevent successful assertion by Fountain of the kinds of claims he describes in his complaint. Judge Means has an absolute immunity as a judge.  The remaining defendants have similar immunities or, at least, qualified immunities that Fountain has not indicated by any of his allegations he could overcome.

Fourth, even if Fountain had causes of action that otherwise were viable, all of them would be barred by the applicable statute of limitations.  All of the conduct about which Fountain complains occurred well over three years before Fountain initiated this action.

Not only has Fountain failed to state claims on which relief may be granted, the claims he has alleged appear for the most part, if not entirely, to be frivolous.

Therefore,

The court ORDERS that all claims and causes of action asserted by Fountain in the above-captioned action be, and they are hereby, dismissed.

SIGNED January 12, 2012

JOHN McBRYDE
United States District Judge